UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER GRAY,

    Plaintiff,

v.

    Case No. 25-cv-11701
    Hon. Brandy R. McMillion
    United States District Judge

AIDVANTAGE, LLC,

    Defendant.
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Christopher Gray ("Gray") brings this *pro se* action against Defendant Aidvantage, LLC ("Aidvantage") relating to the transfer of his student loan account to another lender without his consent. *See generally* ECF No. 1. He has filed an application to proceed without the prepayment of fees (*in forma pauperis*). ECF No. 2. For the reasons below, Gray's request to proceed *in forma pauperis* is **GRANTED**; however, the case is **SUMMARILY DISMISSED**.

**I.**

Gray files this lawsuit alleging that "his personal and account information, information, including his name, social security number, and account details, were used to transfer his account information to another lender without his knowledge or consent." *See* ECF No. 1, PageID.2. He alleges that Aidvantage failed to obtain his

authorization, and did not inform or consult with him prior to the transfer. *Id*. Other than this general allegation, the Complaint is lacking any factual support of these claims. *See generally* ECF No. 1.

Gray claims this conduct is a violation of both federal and state law. Gray brings federal claims under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g, and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 41, *et. seq*. *See* ECF No. 1, PageID.2. He also alleges state law claims for Breach of Contract and Negligence. *Id*. Gray seeks declaratory relief and compensatory and punitive damages. *Id*. at PageID.3-4.

## II.

Gray filed an application to proceed *in forma pauperis*. ECF No. 2. The Court has reviewed the application, finds Gray to be indigent, and therefore entitled to proceed without the prepayment of fees and costs. However, pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 2:16-cv-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua*

*sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-cv-01880, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must also allege facts sufficient to establish that the Court has jurisdiction to hear the claims.

### III.

Gray's Complaint fails to establish any federal claims for relief. He alleges the basis for federal court jurisdiction is federal question. *See* ECF No. 1, PageID.1. A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he or she "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Here, the two federal statutes identified in the Complaint are FERPA and the FTCA. *Id.* at PageID.2. Neither provides Gray an avenue for relief.

Courts have routinely held that FERPA does not confer a private cause of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) ("[T]here is no question that FERPA's nondisclosure provisions fail to confer enforceable rights."); *Bevington v. Ohio Univ.*, 93 F. App'x 748, 750 (6th Cir. 2004); *Fuller v. Schoolcraft Coll.*, 909 F. Supp. 2d 862, 880 (E.D. Mich. 2012) (*citing United States v. Convertino*, Case No. 2:06-cr-20173, 2008 WL 2008613, at *5, (E.D. Mich. May 8, 2008) ("As to the FERPA violation, FERPA provides no private cause of action, nor any basis for this Court to act."); *Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 980 (E.D. Ky. 2018); *Frank v. Univ. of Toledo*, 621 F. Supp. 2d 475, 485 (N.D. Ohio 2007). Gray even concedes this point. *See* ECF No. 1, PageID.3.

Additionally, no private cause of action exists under the FTCA. *See Sharwell v. Selva*, 4 F. App'x 226, 227 (6th Cir. 2001); *see also Brown v. Expedia, Inc.*, No.

4

2:10-cv-13532, 2010 WL 11672129, at *2 (E.D. Mich. Oct. 26, 2010); *Lee v. Cmty. Promise Fed. Credit Union*, No. 1:24-cv-00655, 2025 WL 419405, at *6 (W.D. Mich. Jan. 22, 2025), *report and recommendation adopted*, No. 1:24-cv-00655, 2025 WL 416946 (W.D. Mich. Feb. 6, 2025). Section 5 of the FTCA allows the Federal Trade Commission to pursue violations which constitute unfair or deceptive practices; but it does not confer a private right of action upon individuals. *See Holloway v. Bristol–Myers Corp.*, 485 F.2d 986, 988 (D.C. Cir. 1973).

Because neither FERPA nor the FTCA allow an individual to bring a private cause of action, Gray's federal claims fail to state a claim upon which relief can be granted, and therefore must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Further, because the Court is summarily dismissing Gray's federal claims and this case does not involve diversity jurisdiction, the Court further declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over Gray's state law claims for breach of contract and negligence. It is well established in our circuit that district courts may decline to exercise supplemental jurisdiction over state claims once it has dismissed all claims over which it possesses original jurisdiction. *See Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). Here, the Court declines to exercise jurisdiction over any state law claims because the federal anchor claims that Gray alleges are dismissed.

## IV.

Accordingly, Gray's Request to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**, but the Complaint (ECF No. 1) is **SUMMARILY DISMISSED**. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

*This is a Final Order that closes the case*.

**IT IS SO ORDERED.**

Dated: June 12, 2025　　　　　　　　　　　　s/Brandy R. McMillion
　　Detroit, Michigan　　　　　　　　　　　　HON. BRANDY R. MCMILLION
　　　　　　　　　　　　　　　　　　　　　　United States District Judge